IN THE UNITED STATES COURT OF FEDERAL CLAIMS

LCC-MZT TEAM IV A/K/A LARKOR
CONSTRUCTION/MACRO-Z-TECHNOLOGY
TEAM IV JOINT VENTURE, a joint venture,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA,

        Defendant.

Electronic Filing

Case No.:  1:16-cv-01406-MBH

## SECOND AMENDED COMPLAINT

Plaintiff LCC-MZT Team IV also known as Larkor Construction/Macro-Z-Technology Team IV Joint Venture ("LCC-MZT") alleges as follows:

1.    The United States Court of Federal Claims has jurisdiction in this matter pursuant to 28 U.S.C. section 1491 and 41 U.S.C. section 601, et seq., the Contract Disputes Act of 1978.

2.    LCC-MZT is, and at all times herein mentioned was, a joint venture duly organized and existing under and by virtue of the laws of the State of Washington, and doing business as a general contractor.

3.    Defendant the United States of America is, and at all time herein mentioned was, acting by and through the Naval Facilities Engineering Command Northwest of the Department of the Navy ("NAVFAC") which is, and at all times herein mentioned was, an agency of the United States of America.

4.    On or about January 31, 2012, LCC-MZT entered into a written agreement ("Contract") with NAVFAC.  Pursuant to the Contract, LCC-MZT agreed to furnish the labor, materials, equipment, and incidentals necessary to construct the P-913 Explosive Handling Wharf Security Force Facility located at Naval Base Kitsap Bangor, Silverdale, Washington, pursuant to Contract No. N44255-12-C-3007 ("Project").  The Contract, which incorporates by reference the plans, specifications, and other contract documents, and which is covered under the Unclassified Controlled Nuclear Information (UNCI) classification (hereinafter collectively

DOCS 109559-000025/3117256.1

referred to as "Contract Documents"), is voluminous and not attached hereto but it is and has been made available to the Defendant and is incorporated by reference as though fully set forth herein.

5.      The Contract was originally with the Small Business Administration ("SBA"). The Contract was a set-aside contract for eligible and SBA approved 8(a) Small Business Enterprises.  The SBA delegated its authority to NAVFAC, and NAVFAC contracted with LCC-MZT.

6.      The Project was a design-bid-build and the Contract Documents generally required the construction of a 14,525 square foot structure, which included a concrete foundation and floor slab, concrete exterior walls and a reinforced concrete roof.  Secure garage parking was included within the structure.  In addition, the Contract Documents required the construction of built-in equipment including warming galley equipment, equipment racks, lockers, outfitting and ventilation equipment for the security vehicles.  Special construction features included seismic reinforcement, a reinforced roof to support automatic weapons mounts, a loading dock and environmental protection measures.

7.      The Project was awarded on January 31, 2012, and was required to commence within 15 calendar days of the award.  The Project had to be completed within 555 calendar days from commencement; which original completion date was August 8, 2013.

8.      In consideration therefor, NAVFAC agreed to pay LCC-MZT the sum of $10,590,000.  During the course of construction, LCC-MZT and NAVFAC agreed in writing to changes in the scope of work which increased the Contract sum by $2,929,665.99 to $13,519,665.99.  This increase to the contract sum was over 27 percent.

9.      To date, LCC-MZT has been paid $13,329,319.99 for labor and materials furnished to the Project.  Thus, the sum of $190,336.00 remains unpaid and owing to LCC-MZT from NAVFAC for work furnished pursuant to the Contract Documents and agreed upon written change orders.  NAVFAC has failed and refused to pay said sum, and instead, has improperly and unilaterally assessed liquidated damages against LCC-MZT in the amount of $185,346.00.

10.     During the course of construction, NAVFAC impacted LCC-MZT's ability to perform its work under the Contract Documents by, *inter alia*, the following:

   a.   This design-bid-build Project required over 400 Requests for Information/Clarifications and required over 100 Serial Letters between NAVFAC and LCC-MZT due to, *inter alia*, Contract Changes – FAR 52.243-04, Differing Site Conditions – FAR 52.236-02, Inspection – FAR 52.246-12, Use & Possession – FAR 52.236-11, Suspension of Work – FAR 52.242-14, Government Property – FAR 52.245-01 and Time Extensions FAR 52.211-13.

   b.   NAVFAC impacted/delayed the Project by a minimum of 307 calendar days.

   c.   NAVFAC accelerated the Project by a minimum of 42 calendar days.

   d.   NAVFAC impacts, disruptions and delays required construction during two winters and one summer instead of the original contractual requirement of two summers and one winter.

   e.   NAVFAC required LCC-MZT to finish the Project without payment for work completed.

   f.   NAVFAC delayed in negotiating outstanding Proposed Changes (PCs) and Requests for Equitable Adjustments (REAs).

The foregoing NAVFAC directives constitute changed conditions and constructive changes to the Contract, as do those delineated below, and entitle LCC-MZT to additional compensation and time extensions.

11.     NAVFAC's constructive changes to the Contract have caused LCC-MZT to incur additional costs for labor, materials and equipment, overhead, and other associated costs and additional time.

12.     By letter dated May 28, 2015, LCC-MZT submitted a Request for Contracting Officer's Final Decision ("RCOFD") to NAVFAC for additional compensation and/or time extensions, and requested a Contracting Officer's Final Decision.  The RCOFD letter submitted by LCC-MZT to NAVFAC included the following claims:

a.      Request for additional compensation in the amount of $29,706.00 and time extensions relating to additional labor and materials furnished due to changes to the contract requirements for grounding [PC 0025].

b.      Request for additional compensation in the amount of $99,254.00 and time extensions relating to additional labor and materials furnished due to changes to the furnishings, fixtures and equipment [REA No. 17].

c.      Request for additional compensation in the amount of $134,214.00 and time extensions relating to Red Day disruptions [REA No. 27].

d.      Request for additional compensation in the amount of $252,609.00 and time extensions relating to roof stop work order and additional testing [REA No. 29].

e.      Request for additional compensation in the amount of $956,578.00 for additional field office overhead [REA No. 32].

f.      Request for additional compensation in the amount of $336,743.00 for loss of production, stacking of trades, out of sequence work and trade damage [REA No. 33].

g.      Request for additional compensation in the amount of $574,497.03 for extended home office overhead [REA No. 34].

h.      Request for additional compensation in the amount of $91,714.53 for interest for non-payment of justly owed contract amounts [REA No. 35].

i.      Request for additional compensation in the amount of $196,134.00 for scheduling and claim consultant costs [REA No. 36].

j.      Request for additional compensation in the amount of $11,657.00 for extended overhead for administration of the contract by the Court Ordered Receiver [REA No. 37].

k.      Request for additional compensation in the amount of $293,522.56 for additional profit for change orders, proposed change requests and REAs [REA No. 38].

l.      Request for additional compensation in the amount of $15,245.00 for attorney's fees incurred in the preparation of the time impact analyses [REA No. 39].

m.      Request for additional compensation in the amount of $504,170.00 relating to the additional costs incurred by PC 0004 [REA No. 40].

13.     In response to the RCOFD, on August 1, 2016 (14 months after the RCOFD was served on NAVFAC), the Contracting Officer issued her final decision and denied LCC-MZT's claim, except for providing the additional sum of $28,438.47 for grounding plus interest and interest costs associated with PC 0025 for 135 calendar days of non-compensable time extensions.  All other aspects of LCC-MZT's claim were denied in their entirety.

14.     Further, LCC-MZT submitted the following REAs by Serial Letter No. 0115 dated May 8, 2015:

a.      REA No. 31 in the amount of $503,023.00 for a changed condition based on NAVFAC directed acceleration during construction.

b.      REA No. 41 in the $131,838.00 for changed conditions based on disruption to the electrical duct bank work.

15.     In response to REA No. 31, by letter dated October 4, 2016, NAVFAC stated that "the same set of circumstances, facts, and information were presented with REA No. 33 and fully addressed in Final Decision Northwest 16-05FD (Serial Letter No. 0240/0005 dated August 1, 2016)" and further stated that the Government "considers this matter as closed and previously disputed."

16.     In response to REA No. 41, by letter dated October 4, 2016, NAVFAC stated the issue was either adequately addressed "in previous serial letters or in the Final Decision of the Contracting Officer (Serial Letter No. 0240/0005 dated August 1, 2016)," and further stated that the Government "considers this matter as closed and previously disputed."

17.     By letter dated May 26, 2017, LCC-MZT submitted a RCOFD to NAVFAC for additional compensation in the amount of $503,023.00 due to NAVFAC directed acceleration, trade stacking, out of sequence work, and overtime work during construction [REA No. 31].

18.     By a second letter dated May 26, 2017, LCC-MZT submitted a RCOFD to NAVFAC for additional compensation in the amount of $131,838.00 due to changed conditions, disruptions to construction, loss of production due to stacking trades, out of sequence work and

- 5 -

overtime work to mitigate the changes associated with the incorrect scale shown on the electrical drawings [REA No. 41].

19.     In response to the RCOFDs identified in paragraphs 17 and 18, on November 17, 2017, the Contracting Officer issued her final decisions and denied LCC-MZT's claims.

20.     The total of the above-referenced claims for contract balance, additional labor, materials, and equipment, overhead, and the return of the liquidated damages, is in an amount in excess of $4,130,905.12.  Of the $4,130,905.12, the amount of $185,346.00 is for the liquidated damages being withheld from LCC-MZT.    Further, LCC-MZT seeks compensable time extensions of at least 307 days; which calculation is dependent upon the date of substantial completion.

21.     LCC-MZT has performed all obligations required of it under the Contract Documents to be performed unless otherwise excused by the failure to perform by NAVFAC.

22.     As a direct and proximate result of NAVFAC's refusal to make the appropriate equitable adjustments for changed conditions, extra work outside the scope of the Contract Documents, and the liquidated damages, LCC-MZT has been damaged in a sum in excess of $4,130,905.12 according to proof, together with interest thereon as provided in the Contract Disputes Act.

23.     NAVFAC's failure and refusal to fully compensate LCC-MZT for the above-discussed changes to the Contract pursuant to LCC-MZT's performance of the changed and/or additional work at the direction of NAVFAC is without substantial justification.  Accordingly, pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 et seq., LCC-MZT is entitled to attorneys' fees and other expenses incurred in relation to and in furtherance of the presentation and prosecution of the claims in this litigation.

WHEREFORE, LCC-MZT prays for judgment as follows:

1.     For damages in a principal sum in excess of $4,130,905.12 according to proof together with interest thereon pursuant to the Contract Disputes Act;

2.     For reasonable attorneys' fees;

3.     For costs of suit incurred herein; and

- 6 -

4.      For such other and further relief as the Court deems just and proper.


DATED:  November 20, 2017              By:   s/ Katherine M. Knudsen
                                             Craig A. Ramseyer, Esq.
                                             craig.ramseyer@procopio.com
                                             Katherine M. Knudsen, Esq.
                                             kathy.knudsen@procopio.com
                                             12544 High Bluff Drive, Suite 300
                                             San Diego California 92130
                                             Telephone (858) 720-6300
                                             Facsimile (619) 235-0398

                                             Attorneys for Plaintiff
                                             LLC-MZT Team IV, a joint venture

DOCS 109559-000025/3117256.1

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 20th day of November 2017,

I caused to be sent by email the following SECOND AMENDED COMPLAINT to Counsel

listed below:

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

L. MISHA PREHEIM
Assistant Director

STEVEN C. HOUGH
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044
Telephone (202) 507-6030
Facsimile (202) 514-7965
Email: steven.c.hough@usdoj.gov

Attorneys for Defendant

By:   *s/J. Cori Mandy*
J. Cori Mandy